FILED'10 OCT 29 13:46USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL MOSS, et al.,

        Plaintiffs,

   v.

UNITED STATES SECRET SERVICE,
Department of Homeland Security,
et al.,

        Defendants.

Civil No. 06-3045-CL

ORDER

**PANNER, Judge.**

Magistrate Judge Mark D. Clarke has filed a Report and Recommendation, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). When either party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court reviews that portion of the Magistrate Judge's report de novo. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981). Here, defendants have filed timely objections, so I have reviewed the file de novo.

1 - ORDER

## DISCUSSION

On interlocutory appeal, the Ninth Circuit reversed and remanded this court's rulings on defendants' motions to dismiss plaintiffs' first amended complaint. Moss v. U.S. Secret Serv., 572 F.3d 962 (9th Cir. 2009). The Ninth Circuit ruled that plaintiffs "should be granted leave to amend their complaint so that they have the opportunity to comply with [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)]." Moss, 572 F.3d at 965.

After remand, plaintiffs have filed a second amended complaint. Defendants move to dismiss based on qualified immunity and failure to state a claim. Judge Clarke's comprehensive Report and Recommendation concludes that defendants' motions should be denied in part.

I agree with Judge Clarke that the second amended complaint meets the stricter pleading standards imposed by Twombly and Iqbal as to plaintiffs' claims for First Amendment violations against the federal defendants; for First and Fourth Amendment violations and common law claims against the County defendants; for Fourth Amendment violations against the State defendants; and for Fourth Amendment violations and common law claims against the City defendants. R&R at 71.

I also agree with Judge Clarke that defendants have not shown, at least at this stage of the litigation, that they are

2 - ORDER

entitled to qualified immunity. Defendants cite <u>Dunn v. Castro</u>, \_\_\_ F.3d \_\_\_\_, 2010 WL 3547637 (9th Cir. Sept. 14, 2010), as supplemental authority for their argument that Judge Clarke defined the First Amendment right at issue here too broadly. The <u>Dunn</u> opinion, which concerned an incarcerated father's right to receive visits from his children, does not undercut Judge Clarke's analysis of the qualified immunity issue.

Judge Clarke recommends dismissing plaintiffs' remaining claims. For the reasons stated in Judge Clarke's prior Report and Recommendation, I agree that plaintiffs' remaining claims should be dismissed. Accordingly, I ADOPT the current Report and Recommendation in its entirety.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#178) is adopted. Defendants' motions (#154, #156, #162, and #164) are granted in part and denied in part as set forth in the Report and Recommendation.

IT IS SO ORDERED.

DATED this 28 day of October, 2010.

*/s/ Owen M. Panner*
OWEN M. PANNER
United States District Judge

3 - ORDER