IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MICHAEL MOSS, et al, | Civ. No. 1:06-cv-03045-CL |
| Plaintiffs, | REPORT & RECOMMENDATION |
| v. | |
| UNITED STATES SECRET SERVICE of the Department of Homeland Security, et al., | |
| Defendants. | |

CLARKE, Magistrate Judge.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 alleging claims for violations of the Fourth and Fourteenth Amendments and Oregon common law by the defendants, arising out of and related to the defendants' disruption of Plaintiffs' lawful assembly and protest demonstration in Jacksonville, Oregon, on October 14, 2004. On September 28, 2015 the Court approved Plaintiffs' motion for class action certification (#308), and on November 18, 2015 the Court approved a Summary Notice of Pendency of Class Action to be sent to the class. The case comes before the Court now on Plaintiffs' unopposed motion for preliminary approval of class action settlement (#347).

Fed.R.Civ.P. 23(e) requires judicial approval of any settlement by a certified class. The settlement must be "fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(2). A district court "may consider some or all of the following factors" when assessing whether a class action settlement agreement meets this standard:

> [1] the strength of plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement.

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963-64 (9th Cir. 2009); *accord Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).

The Court has reviewed the filings and the proposed settlement, and finds that the terms are preliminarily fair, reasonable, and adequate to the class members. However, an agreement to settle a class action "is not effective unless the court approves it after a fairness hearing." Fed. R. Civ. P. 23(e). Therefore, the Court should preliminarily approve the settlement, a Fairness Hearing should be scheduled before the District Court, and notice should be given to the class.

## RECOMMENDATION

Plaintiffs' unopposed motion for preliminary approval of class action settlement (#347) should be GRANTED, a Fairness Hearing should be scheduled before the District Court, and notice of the hearing should be given to the class. This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this ___11___ day of August, 2017.

_____
MARK D. CLARKE
United States Magistrate Judge